**In The United States Bankruptcy Court**
**For The Western District of Louisiana**
**"Lake Charles Division"**

In re: LATASHA ANDERSON                                  Case No: 16-20635
Debtor                                                                  Chapter 13

## FIRST AMENDED CHAPTER 13 PLAN BEFORE CONFIRMATION

The Debtor will pay *$200.00* per month to the Trustee for forty-eight months. The debtor submits all future income to the supervision and control of the trustee during this case. Additionally, debtor dedicates any future tax refunds received for the 2016, 2017, and 2018 tax years to the supervision and control of the Trustee. From the sums so received the Trustee shall make disbursements as follows:

1. **Administrative claims:**
   The trustee shall disburse dividends on administrative claims as soon as funds therefore become available.
   a. The Trustee shall *10%* of the monthly Plan payment for administration of the bankruptcy estate of the debtor(s); and
   b. Romelzy Willis, Jr. has an attorney fee balance of *$2,800.00* for the filing of the Bankruptcy Petition, schedules and Plan.

2. **Secured Claims:**

   After payment of the Class 1, administrative claims, the Trustee shall make payments to the creditors named in this paragraph whose claims are secured by real or moveable property unless said property is being surrendered or direct payments are to be made directly to said creditor. Each creditor shall be paid in installments from available funds, monthly, until each claim is paid.

   a) *SANTANDER* has a mortgage on a 2007 Chevy Malibu in the amount of $3,500.00 to be paid at 5% per annum interest.

   b) *OCWEN* holds a first mortgage on the debtor's residence. The on-going regular monthly payment of $412.00 is not included in the plan payment. The debtor will continue to make direct monthly payments to the creditor.
      Arrearages shall be paid in installments from funds available for distribution monthly, non-cumulative. Installments shall begin subsequent to payment of the administrative claims listed in paragraph 1 above and shall be sufficient to pay in full arrearages upon completion of the plan:
      Pre-Petition arrearages through July 2016 in the amount of $1,460.40.
      Arrearage payment shall only be applied to the arrearages and not applied to the on-going regular monthly payments pursuant to 11 USC 524(I).
      Confirmation of the plan shall impose and affirmative duty on the holders and/or the services of any claims secured by liens, mortgages and/or deeds or trust on the principal residence of the Debtors to do all of the following:
      (1) To deem the mortgage contractually current as of the filing of this bankruptcy for the purpose of accounting for post petition payments. This is subject to and contingent on successful

completion of mortgage cure payments and regular monthly payments under the plan. And will preclude the imposition of late charges or other default related fees, charges or costs based solely on prepetition default.

(2) To apply the "on-going" post-petition monthly mortgage payments paid by the trustee or by the debtors to the month in which each payments was designated to be made under the plan. The payments shall be applied only to the on-going monthly mortgage payments as designated, and to interest principal and escrow only. Any post-petition monthly payments that may accrue between filing and the beginning month stated shall be treated as a post-petition arrearage. Any additional post-petition charges or assessments, (other than principal, interest, insurance and taxes), including, but not limited to miscellaneous costs, expenses, assessments, or other charges which increase Debtor's liability to the creditor, must be approved by the Court prior to being assesses to, charged to, or otherwise added to Debtor(s) account.

(3) To apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(4) Should there be a adjustment to the monthly note payment amount; the secured creditor must comply with Local Bankruptcy Rule 3002-1.

(5) If the debtors pay the cure amount specified in the plan or in such lesser amount as may be establish by the creditors proof of claim, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of petition. At the conclusion of the plan, any remaining indebtedness will continue until paid in full.

3. **Priority Claims:**

After payment of the Class 1, administrative claims, the Trustee shall make payments, infra, of the following priority creditors on a pro-rata basis, until paid in full:

NONE

4. **Unsecured Claims:**
All other creditors not schedule above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims. Debtor(s) estimate the unsecured claims to total *$26,000.00* and proposes to provide a payment of 0%.

5. **Other Provisions:**
   a. Title to debtor's property will revest at confirmation;
   b. Insurance to protect those creditors having secured claims will be provided;

c. Pursuant to 11 USCA 1325(a)(5)(B), Secured creditors will retain their lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law; or discharge under 1328. If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Dated: September 19, 2016

/s/ Romelzy Willis, Jr.
Romelzy Willis, Jr. (27689)
217 West 6th Avenue
P.O. Box 1368
Oberlin, La. 70655
Phone: (337) 639-4600
Fax: (337) 639-4697